IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **FRANKENMUTH INSURANCE COMPANY** | : | |
| **One Mutual Avenue** | : | CASE NO. |
| **Frankenmuth, Michigan 48787** | : | |
| | : | JUDGE _____ |
| **Plaintiff,** | : | |
| | : | |
| -vs- | : | |
| | : | |
| **THOUGHT HORIZONS, INC.** | : | |
| **dba A to Z Printing** | : | |
| **c/o Bruce Hassel, Statutory Agent** | : | |
| **10122 Reading Road** | : | **COMPLAINT FOR** |
| **Cincinnati, Ohio 45241** | : | **DECLARATORY JUDGMENT** |
| | : | |
| **Defendant.** | : | |

**NOW COMES,** Plaintiff Frankenmuth Insurance Company (fka "Frankenmuth Mutual Insurance Company") ["Frankenmuth"], and for its Complaint for Declaratory Judgment against Defendant pursuant to 28 U.S.C. §2201(a), states and avers as follows:

### The Parties

1. Plaintiff Frankenmuth Insurance Company ["Frankenmuth"], is a Stock Insurance Company with its principal offices in Michigan, and is licensed and authorized to issue insurance policies in the State of Ohio.

2. Defendant Thought Horizons, Inc., dba A to Z Printing. ["A to Z"], is upon information and belief a corporation organized and existing under the laws of the State of Ohio and maintaining its principal place of business in Cincinnati, Ohio.

### Jurisdiction

5. This controversy is between citizens of different states and the matter in controversy exceeds $75,000, creating jurisdiction in this Court pursuant to 28 U.S.C. §1332(a).

**Declaratory Judgment**

6. Plaintiff seeks a declaration of certain rights, duties and obligations with respect to a certain Policy of Commercial General Liability Insurance issued by Frankenmuth to Defendant, Thought Horizons, Inc. dba A to Z Printing, under Policy No. 6651011 effective December 7, 2022 and renewed through December 7, 2023 (the "Policy"), as more fully explained herein.

7. A certified copy of the *Policy* is too voluminous to attach hereto, but Defendant is already in possession of a copy of the same, and a copy can be provided to either Defendant or the Court upon request.

8. The *Policy* provides: "Appraisal" provision under "Loss Conditions," on page 10 of 16 of the *Building and Personal Property Coverage Form,* (CP 00 10 10 12) as follows:

2. Appraisal
   If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
   a. Pay its chosen appraiser; and

   b. Bear the other expenses of the appraisal and umpire equally.

   If there is an appraisal, we will still retain our right to deny the claim.

9. Defendant submitted an insurance claim to Frankenmuth on or about May 11, 2023 concerning damages to the roof of its building located at 10122 Reading Rd, Cincinnati Ohio, with a Date of Loss of April 22, 2023.

10. Frankenmuth inspected the roof, and determined that 22 shingles were damaged as a result of intentional vandalism.

11. The estimated cost to repair the damage was less than the deductible under the *Policy*.

12. Defendant indicated that the amount of the amount of the covered loss was larger than the deductible under the *Policy*.

13. On or about April 22, 2024, Frankenmuth indicated that it was invoking its right to seek appraisal in order to resolve the disagreement over the amount of the Loss, and would expect Defendant to select an appraisal within the next 30 days.

14. Pursuant to the Appraisal clause, each party is required to select an appraiser.

15. Frankenmuth selected Scott Warren of S.G. Warren & Associates, LLC to conduct an appraisal in accordance with the appraisal provision.

16. Defendant refused to participate, and refused to select an appraiser in violation of its obligations under the *Policy*.

17. To date, Defendant refuses to cooperate with Plaintiffs' demand for appraisal in accordance with the Policy.

## **Demand for Judgment**

**WHEREFORE,** Plaintiff Frankenmuth seeks a declaratory judgment pursuant to 28 U.S.C. §2201(a) as follows:

1. A declaration that Defendant is obligated, under the *Policy* as incorporated by reference herein, to comply with the Appraisal provisions contained within the *Policy*;

2. All other relief such as this Court deems just and equitable.

Respectfully Submitted,

**ISAAC WILES & BURKHOLDER, LLC**

 /s/  Samuel M. Pipino
Samuel M. Pipino (0061634)
Nolan E. Wiley (0102155)
Two Miranova Place, Suite 700
Columbus, OH 43215
(614) 221-2121 (P); (614) 221-5692 (F)
spipino@isaacwiles.com
nwiley@isaacwiles.com
*Attorneys for Plaintiff*
*Frankenmuth Insurance Company*

4879-2777-8761.1